UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| YABACUSHYANEI BENNETT, ) | CASE NO. 5:14 CV 2727 |
| Plaintiff, ) | JUDGE JOHN R. ADAMS |
| v. ) | |
| STATE OF OHIO I.R.S. SERVICE, et al., ) | MEMORANDUM OF OPINION AND ORDER |
| Defendants. ) | |

On December 15, 2014, Plaintiff *pro se* Yabcushyanei Bennett filed this 42 U.S.C. § 1983 action against the "State of Ohio I.R.S. Service" and Attorney Anthony Veigh. His extensive complaint essentially seeks to challenge his conviction in this Court, pursuant to a guilty plea, for: 1) Conspiracy to Conduct an Illegal Gambling Business; and, 2) Conspiracy to Commit the Laundering of Monetary Instruments. *United States v. Bennett*, Case No. 5:14 CR 119-01.

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.* A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* Nor does a complaint suffice if it tenders naked assertion devoid of further factual enhancement. *Id.* It must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged. *Id*.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  *Id*.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id*.

A plaintiff may not raise claims in a civil rights action if a judgment on the merits of those claims would affect the validity of his conviction or sentence, unless the conviction or sentence has been set aside.  *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997); *Heck v. Humphrey*, 512 U.S. 477, 486 (1994).  The holding in *Heck* applies whether the plaintiff seeks injunctive, declaratory or monetary relief.  *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401 at *1 (6th Cir. May 5, 1998).  Plaintiff seeks to raise claims which, if found to have merit, would call into question the validity of his convictions.  Such a challenge must be raised, if at all, by a motion pursuant to 28 U.S.C. § 2255.

Thus, even liberally construed, the Complaint does not contain allegations reasonably suggesting Plaintiff might have a valid claim, and the Court finds this case is appropriately subject to summary dismissal.  *See, Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)(complaint may be summarily dismissed when claim is not arguably plausible).

Accordingly, this action is dismissed.

IT IS SO ORDERED.


Date: March 2, 2015 */s/ John R. Adams*
JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE